Peck, J. ’
delivered tbe-opinion of tbe court. 1
The production of tbe receipt as the evidence to sustain the action under tbe circumstances, was a surprise upon tbe defendant; which, from the facts shown on the record, was ground for a new trial.
It does not appear by the record, that the receipt was ever offered as evidence until at the trial complained of in the circuit court; an account had been filed, and this account must be taken, at least prima facie, as the intended ground of action; and comparing that account with the receipt, there is no such necessary- reference, the one to the other, as can be taken as notice of any intention to introduce the receipt. Admitting it to be true as contended, that the plaintiff below could offer his receipt to sustain his action, still, when offered, the defendant had a right to rebut the proof, by showing the receipt cancel-led or settled, or other matter in evidence of it. We can only look into the affidavits made for a new trial, and comparing them with the other facts in the record, act up on the motion for a new -trial, as if the same had been entered in the court below and disposed of. Upon this part of the case, we are called upon to express an opinion upon the practice of the judge on one of his own rules, which directs that all motions shall be made on the Saturday after the trial. The motion for a new trial was denied, on the ground that it was not brought forward at the appointed time.
' We dislike to interfere with mere matters of practice in the inferior courts. Rules, when adopted, should be for the furtherance of justice; but a too rigid adherence to the rule is made, in this instance, to defeat justice. It is the business of the courts to be open, where right and justice shall be administered. This is a constitutional requisition, and if the rule came in conflict with this salutary provision, it should have been made to yield.
Even fictions will be resorted to, to attain justice; *505 and that fiction which considers the whole term as but one day, had for one of its objects the prevention of a plea of time as to the acts done, where such plea might produce injustice. In short, rules which are the creatures of the court, must yield to positive' law.
The party being sustained in grounds for his motion, it should not have been denied on the plea that it came too late; it is settling the right upon a- point of practice, overlooking the law. This judgment must be reversed, and the cause remanded for another trial.
Judgment reversed.